## DEL TORO *v.* ARAMBARRY ET AL.

### APPEAL from the District Court of Arecibo.

No. 97.—Decided April 4, 1904.

UNLAWFUL DETAINER—TENANTS.—The action of unlawful detainer will lie against tenants who hold an estate without paying rent therefor, provided that one month's notice to vacate is previously served upon them.

ID.—OPPOSITION.—An action of unlawful detainer is not the appropriate proceeding in which to litigate questions relative to the right of the defendants to possess the property involved in the case.

COSTS.—Judgment having been rendered in favor of the plaintiff without special imposition of costs, such decision should not be disturbed when the plaintiff has not appealed from the judgment or joined in the appeal prosecuted by the defendants.

### STATEMENT OF THE CASE.

This is an action of unlawful detainer prosecuted in the District Court of Arecibo by Juan del Toro y Cancel against Pedro Arambarry and Ramona Cruz, now pending before us on appeal taken by the defendants from the judgment rendered in said action, the appellants being represented in this Supreme Court by Attorney Jacinto Texidor, and the respondent by Attorney Félix Santoni.

The aforesaid judgment, rendered on July 29 of last year, reads as follows:

"Judgment—No. 19.—In Arecibo, July 29, 1903. An oral and public hearing was had in this district court in the matter of an action of unlawful detainer instituted by Attorney Félix Santoni Rodríguez, on behalf of Juan del Toro y Cancel, of age, a farmer, and a resident of Utuado, against Pedro Arambarry and Ramona

contra Don Pedro Arambarry y Doña Ramona Cruz, vecinos de Hatillo, representados y dirigidos en este juicio por el Letrado Don Simón Large Aquilué.

1. *Resultando* : que con fecha veinte de Abril último, el Licenciado Don Félix Santoni, á nombre de del Toro, presentó ante este Tribunal demanda de desahucio en precario contra Don Pedro Arambarry y Doña Ramona Cruz, vecinos de Hatillo, fundándola en que en escritura otorgada en esta villa el siete de Septiembre de mil novecientos, Don Juan del Toro y Cancel adquirió por compra á Don Joaquín Sánchez Chirino una casa de altos y bajos, con algibe en el patio, sin número, que mide catorce metros de frente por diez y seis de fondo, enclavada en un solar del poblado de Hatillo, que mide catorce metros de frente por veinte y cuatro de fondo : radicando dicha casa en la acera norte de la plaza de dicho suprimido Municipio ; y lindante al norte, que es la espalda, con ejidos ; al este, que es la derecha, con la calle de la Soledad ; al oeste, izquierda, con casa de Doña Paulina León : que la compra venta se efectuó por la suma de setecientos veinte dollars, traspasando el vendedor, en favor del comprador, el dominio de la reseñada finca ; y que habitan el descrito predio, en precario, sin pagar merced, los demandados Don Pedro Arambarry y Doña Ramona Cruz, á pesar del requerimiento que se les ha hecho para que la desocuparan, dejándola á la libre disposición de su representado, en el término de un mes, que ya ha transcurrido.

2. *Resultando* : que como fundamentos de derecho alegó las prescripciones de la Ley de Enjuiciamiento Civil acerca del desahucio por precario, y las sentencias del Tribunal Supremo acerca de la procedencia de la acción, y terminó suplicando se declare con lugar su demanda con las costas á los demandados.

3. *Resultando* : que con la demanda acompañó la escritura notarial de dominio de la finca á favor de Don Juan del Toro, inscrita en el Registro de la Propiedad y las diligencias de requerimiento previo á los demandados llevadas á efecto en el Juzgado Municipal de Camuy.

4. *Resultando* : que citadas las partes á una compareceneia ante esta Corte de Distrito, comparecieron el Lcdo. Santoni á nombre del demandante y el Lcdo. Largé por los demandados, y como éste se opusiera á los hechos de la demanda, confiriósele traslado, que evacuó, manifestando : que allá por fines del año 1893, ó á principios del 1894, un tal Tomás Rodríguez, vecino del entonces pueblo de Hatillo,

Cruz, residents of Hatillo, represented in these proceedings by Attorney Simon Largé Aquilúe.

"On April 20 last, Attorney Félix Santoni, on behalf of del Toro, filed with this court an action of unlawful detainer against Pedro Arambarry and Ramona Cruz, residents of Hatillo, tenants at suffrance, alleging that in a deed executed in this city, September 7, 1900, Juan del Toro y Cancel acquired by purchase from Joaquín Sánchez Chirino, a two-story house, bearing no number, with a cistern in the court-yard, said house measuring 14 meters, front by 16 deep, and built on a lot in the town of Hatillo, measuring 14 meters front by 24 deep; which house stood on the northern sidewalk of the plaza of aforesaid abolished municipality; bounded on the north, which is the rear, by common land; on the east, or right-hand side, by Soledad street; on the west, or left, by a house belonging to Paulina León; that the purchase was effected for the sum of seven hundred and twenty dollars, the vendor conveying to the vendee the title to aforesaid property; and that the defendants Pedro Arambarry and Ramona Cruz are occupying said house as tenants at suffrance, without paying rent therefor, notwithstanding their having been served with notice to vacate and leave the property to be freely disposed of by his client, within the period of one month, which has already expired.

"As legal grounds he pleaded the provisions of the Law of Civil Procedure with reference to the action of unlawful detainer against tenants at sufferance, and the judgments of the Supreme Court as to the grounds for such action. He concluded with the prayer that the complaint be sustained, with costs against the defendants.

"The complaint was accompanied by the notarial deed of conveyance of the property to Juan del Toro, recorded in the Registry of Property, and the notices served upon the defendants through the municipal court of Camuy.

"The parties having been summoned to appear before this district court, Attorney Santoni appeared on behalf of the plaintiff and Attorney Largé on behalf of the defendants; and as the latter contested the facts as set forth in the complaint, the papers were submitted to him for examination. He then stated: That toward the latter part of the year 1893, or beginning of 1894, one Tomás

dueño de una casa vieja radicada en ese pueblo, convino con Don Pedro de Arambarry, constructor de obras, en que éste derribase por hallarse en mal estado, levantándola de nuevo, dicha casa; derribo y reedificación que se comprometió á hacer Arambarry á todo costo y con recursos propios, como lo verificó, bajo la condición de que Rodríguez le reembolsara en todo el mes de Diciembre del citado año 1894, con el de su trabajo, el importe de todo lo que en tales obras gastara ó invirtiera, en todos conceptos, cuyos desembolsos y trabajos que éste precisaba, no podía hacer Rodríguez de momento, por carecer de recursos: que conviniéndole el negocio á su representado, puso éste en consecuencia manos á la obra, levantando y reedificando la casa, de altos y bajos, y llegada la época del pago que debía hacer Rodríguez á Arambarry con arreglo á lo estipulado, careciendo aquél de recursos para efectuarlo, acordaron ambos en ceder ó pasar á éste los derechos dominicales que Rodríguez tenía en la casa reedificada por Arrambarry, en pago de lo por este invertido en la mencionada obra á virtud del negocio indicado, y cuyo importe le adelantara su representado, sin que el cedente les otorgara la correspondiente escritura por causa agena á la voluntad de Arambarry: que dueño Don Pedro Arambarry de la casa reedificada con todo cuanto encierra y se le une, la ha venido disfrutando y poseyendo en tal concepto desde el propio año 1894, y en ella vive actualmente, pagando con ese carácter desde entonces las respectivas contribuciones al Estado, Provincia y Municipio, y haciendo en ella cuantos gastos y reparaciones su cualidad de dueño le exigiera que la casa vieja de poco valer y en mal estado puede decirse que se ha hecho de nuevo, reedificándose é introduciéndose en ella mejoras por cerca de mil pesos; y que Arambarry ha poseído constantemente y sin interrupción de ninguna especie desde su adquisición, y hoy posee esa casa á título de dueño y no á precario, llevando cerca de nueve años en esa posesión.

5. *Resultando*: que como fundamentos de derecho adujo las prescripciones del Código Civil relativas al dominio y á la perfección de los contratos, la Ley de Enjuiciamiento Civil en cuanto á la tramitación, y la Orden General No. 118 de 1899.

6. *Resultando*: que abierto el juicio á pruebas, el demandante presentó una escritura notarial de venta con pacto de retro de la finca urbana objeto del desahucio, otorgada por Don Tomás Rodríguez á favor de Don Joaquín Sanchez, por mil doscientos pesos moneda especial, en siete de Mayo de 1885 y testimonio del acto de

Rodríguez, a resident of what was then the town of Hatillo, who owned an old house in said town, entered into an agreement with Pedro Arambarry, a builder, whereby the latter was to tear down and reconstruct said house, which was in a dilapidated condition. This Arambarry engaged to do and did at cost, and he to furnish the money, upon condition that his personal labor and the amount expended or employed in said work, in every respect, should be reimbursed by Rodríguez, during the whole of December of the said year 1894, which disbursement and work, as specified by Arambarry, could not at that time be made and performed by Rodríguez, owing to his lack of means; that the bargain being satisfactory to his client, he went to work and rebuilt the two-story house, but when the time arrived for a settlement according to stipulation, Rodríguez being unable to fulfill his agreement with Arambarry, it was agreed between them that the former should transfer or convey to the latter his title to the house rebuilt by Arambarry in satisfaction of all the expenses incurred by the latter in the work of reconstruction agreed upon, the amount whereof had been advanced by his client, the assignor failing to execute the deed for reasons beyond the control of Arambarry; that Arambarry, being now owner of the reconstructed house, with everything contained therein or annexed thereto, has been occupying and possessing the same since 1894, and lives therein at the present time, paying, as such owner since said time, the taxes thereon assessed by the national, insular and municipal governments, and making such repairs in it, that the former old, dilapidated and almost valueless house has been transformed into a new one, nearly one thousand dollars having been expended in said improvements; and that Arambarry has been in possession of said house without interruption of any kind since the time he acquired it, and now possesses the same as rightful owner, and not as tenant at sufferance, his possession dating back about nine years.

"As legal grounds the defendants cited the provisions of the Civil Code relating to ownership and the perfecting of contracts, the Law of Civil Procedure with respect to procedure, and General Order No. 128 of 1899.

"The introduction of evidence being ordered, the plaintiff produced a notarial deed of sale with right of reversion of the urban property forming the subject-matter of the action of unlawful detainer, executed by Tomás Rodríguez in favor of Joaquín Sánchez, for the sum of one thousand two hundred *pesos*, special money, under

juicio verbal celebrado en el Juzgado Municipal de Hatillo por Don Ramón Alonso con Don Pedro Arambarry; y los demandados una certificación del Tesorero, creditiva de que Arambarry pagaba contribución por una casa en Hatillo y duplicado recibo de contribuciones pertenecientes á la misma casa ·y por el segundo semestre de 1901.

7. *Resultando*: que celebrado el juicio oral con asistencia solo del Letrado representante de Don Juan del Toro Cancel, á pesar de haber sido citados en forma los demandados, el demandante renunció la prueba de posiciones que había de absolver el demandado Arambarry por no haber comparecido éste; y concedídale la palabra al abogado concurrente, informó en apoyo de su demanda, votándose después este juicio por unanimidad de los Jueces.

8. *Resultando*: que se han observado las formalidades legales.

Siendo Ponente el Juez Presidente Don Felipe Cuchí Arnau.

1. *Considerando*: que la acción de desahucio se funda en el dominio de los bienes que se trata de desahuciar, y apareciendo de la escritura de siete de Septiembre de mil novecientos inscrita en el Registro de la Propiedad de Arecibo, que el demandante Don Juan del Toro compró á Don Joaquín Sánchez por precio cierto la finca urbana que hoy ocupan los demandados, sin pagar alquiler, claro está que su acción es perfectamente legal y en su ejercicio se ajusta á las prescripciones del derecho.

·2. *Considerando*: que el único requisito que el demandante tenía que llenar para poder ejercitar su acción de desahucio contra los demandados, era el de aviso ó requerimiento previo para el desalojo, que la Ley de Enjuiciamiento Civil en el párrafo 3 de su Artículo 1563 exige con un mes de antelación, cuando se trata de una finca dada en precario, y según aparece de la certificación del Juzgado Municipal de Camuy, el requerimiento se hizo en la persona de los demandados, el veinte de Marzo último, un mes largo antes de presentarse la demanda por el demandante, que lo fué en veinte y cuatro de Abril siguiente.

3. *Considerando*: que aún en la hipótesis de que las alegaciones hechas por los demandados, al contestar la demanda, y no ratificadas ni probadas, en el juicio oral referentes á su derecho á poseer la finca desahuciada fueren admisibles, .no es este el juicio apropiado para discutirlas, sino el declarativo, por los trámites que previene la Orden General No. 118 de 1899.

date of March 7, 1885, and a certified copy of the record of the verbal suit instituted in the municipal court of Hatillo by Ramón Alonso against Pedro Arambarry; and the defendants produced a certificate of the Treasurer to the effect that Arambarry had been paying taxes on a house in Hatillo, and a duplicate receipt of taxes on the same house for the second half of the year 1901.

"The oral trial was had, Juan del Toro Cancel being the only party present, through his counsel, although the defendants had been duly summoned, wherefore the plaintiff waived the interrogatories which were to be propounded to the defendant Arambarry, who had failed to appear. With the permission of the court, counsel present argued in support of the complaint, after which this judgment was unanimously voted by the judges.

"In the conduct of this trial the rules of procedure have been observed.

"Presiding Judge Felipe Cuchí y Arnau prepared the opinion of the court, as follows:

"The action of unlawful detainer is based upon the ownership of the property sought to be recovered, and it appearing, from the deed of September 7, 1900, recorded in the Registry of Property of Arecibo, that the plaintiff, Juan del Toro, bought of Joaquín Sánchez for a certain price the town property occupied by defendants without paying rent, it is evident that his action is perfectly legal and in the institution thereof he has conformed to the provisions of law.

"The only formality required of the plaintiff in order to institute an action of unlawful detainer against the defendants was to previously serve upon them one month's notice to vacate, as prescribed under subdivision 3 of article 1563 of the Law of Civil Procedure when dealing with tenants at suffrance, and the certificate of the municipal judge of Camuy shows that said notice was personally served upon the defendants on the 20th of March last, considerably more than a month prior to the filing of the complaint by the plaintiff, which occurred on the 24th of April following.

"Even assuming that the allegations made by the defendants in their answer to the complaint, which allegations were not ratified nor proved at the oral trial, bearing upon their rights to possess the property sought to be recovered, were admissible, this is not the proper action for discussing the same, but a declaratory one, according to the procedure prescribed by General Order No. 118 of 1899.

4. *Considerando*: que el hecho de no haber acudido al juicio oral los demandados á continuar oponiéndose á las pretensiones del demandante, demuestra la no existencia de temeridad por su parte, y no debe hacerse, en consecuencia, especial condenación de costas.

*Vistos* los Artículos 356 y 1474 del Código Civil Revisado, los 371, 1562, 1563, 1587 y 1592 de la Ley de Enjuiciamiento Civil.

*Fallamos*: que debemos declarar y declaramos con lugar la demanda de desahucio entablada; y en su consecuencia condenamos á Don Pedro Arambarry y Doña Ramona Cruz, á desalojar en el término de quince días la casa que habitan en Hatillo de la propiedad de Don Juan del Toro Cancel, dejándola á la libre disposición de éste; apercibidos de lanzamiento si no lo verifican, sin especial condenación de costas.   Lo pronunciamos, mandamos y firmamos: Felipe Cuchí, Carlos Franco Soto, Otto Schoenrich''.

*Resultando*: que contra esa sentencia interpuso la representación de Don Pedro Arambarry y Doña Romona Cruz recurso de apelación que les fué admitido; y elevados los autos á esta Corte Suprema, previa citación y emplazamiento de las partes, se dió al recurso la tramitación prevenida por la Ley, señalándose día para la vista, que tuvo lugar sin asistencia de los letrados de las partes recurrente y recurrida.

Abogado de los apelantes: *Sr. Texidor.*

Abogado del apelado: *Sr. Santoni.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada y las tres primeras consideraciones de derecho.

*Considerando*: que contra la sentencia de la Corte de Distrito de Arecibo, en cuanto ordena se entiendan las costas sin especial condenación, no ha interpuesto recurso de apelación la parte demandante, ni tampoco sobre este punto se ha adherido al interpuesto por los demandados, debiendo por tanto quedar subsistente aquel pronunciamiento por ministerio de la ley.

*Fallamos*: que debemos confirmar y confirmamos la sen-

"The nonappearance of the defendants at the oral trial to continue sustaining their opposition to the claims of the plaintiff, shows that there was no obstinacy in the litigation on their part, and, therefore, no special imposition of costs should be made.

"In view of sections 356 and 1474 of the revised Civil Code, and articles 371, 1562, 1563, 1587 and 1592 of the Law of Civil Procedure, we adjudge that we should declare and do declare that the action of unlawful detainer was properly maintained, and accordingly condemn Pedro Arambarry and Ramona Cruz to vacate within fifteen days the house occupied by them in Hatillo, belonging to Juan del Toro Cancel, leaving the same to be freely disposed of by the latter, under pain of eviction should they fail to do so, with no special imposition of costs. Pronounced, commanded and signed by us. Felipe Cuchí, Carlos Franco Soto, Otto Schoenrich."

From the foregoing judgment counsel for Pedro Arambarry and Ramona Cruz took an appeal, which was allowed; and the record having been forwarded to this Supreme Court after citation of the parties, the appeal was conducted under the proceedings prescribed by law, a day being set for the hearing, which took place without the presence of counsel for appellants and respondent.

*Mr. Texidor,* for appellants.
*Mr. Santoni,* for respondent.

MR. JUSTICE HERNÁNDEZ, after making the above statement of facts, delivered the opinion of the court.

The findings of fact and the first three conclusions of law contained in the judgment appealed from are accepted.

No appeal from the judgment of the District Court of Arecibo having been taken by the plaintiff in so far as it is understood that no special imposition of costs is made, and the plaintiff not having joined the defendants in their appeal as to this point, the decision thereon must stand in accordance with the law.

We adjudge that we should affirm and do affirm the

tencia que dictó el Tribunal de Distrito de Arecibo en veinte y nueve de Julio del año próximo pasado, con las costas del recurso á cargo de los apelantes; y devuélvanse los autos á dicho Tribunal con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Figueras, Sulzbacher y MacLeary.

---

### BAEZ *v.* ORSINI.

No. 5.—Resuelto en Abril 4, 1904.

OBLIGACIONES CONDICIONALES—SU EXIGIBILIDAD.—Para que las obligaciones condicionales sean exigibles es necesario que se cumpla previamente la condición impuesta y mutuamente aceptadas por las partes, ya que de su cumplimiento depende la adquisición de los derechos de las mismas.

ID.—PRUEBAS.—La prueba de las obligaciones incumbe al que reclama su cumplimiento, y si el actor no probare su causa, el demandado debe ser absuelto.

### EXPOSICIÓN DEL CASO.

En los autos del juicio declarativo seguido en el Tribunal de Distrito de Mayagüez en cobro de pesos, entre partes de la una como demandante Doña Rosa Baez, vuida de Morín, mayor de edad y vecina de aquella ciudad, representada y dirigida en esta Superioridad, primero por el abogado Don Pascasio Fajardo y Cardona, y después por el de la misma clase Don Manuel F. Rossy y Calderón, y de la otra, como demandado, Don Andés Orsini y Santini, también mayor de edad, casado y del mismo vecindario, representado y dirigido por el Abogado Don José de Diego y Martínez; autos pendientes antes *nos* á virtud del recurso de casación por infracción de ley, hoy de apelación, interpuesto por la demandante contra la sentencia pronunciada por el referido Tribunal de Distrito, que copiada á la letra dice así:

"*Sentencia.*—En la ciudad de Mayagüez á primero de Diciembre

judgment delivered by the District Court of Arecibo July 29 of last year, with costs of the appeal against the appellants. The record is ordered to be returned to said court, together with the proper certificate.

Chief Justice Quiñones and Justices Figueras, Sulzbacher and MacLeary concurred.